CIPRIANO MANRIQUE, Appellant, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 991. Submitted April 9, 1937.—Decided June 18, 1937.

*Antonio L. López* for appellant. The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On February 17, 1937, the clerk of the Municipal Court of Caguas, complying with an order of the court, issued a writ directing the district registrar of property to cancel a certain record. The registrar refused to do so and. Cipriano Manrique, the party requesting the cancellation, appealed from such refusal to this court.

The writ was issued in an action of debt brought by Manrique against Ramón López, substituted by his heirs Josefa Alvarado and Consuelo Díaz, respectively the mother and wife of López.

It is substantially stated therein that on October 4, 1935, Manrique filed a motion, alleging that although the action had been decided by a judgment of September 2, 1932, directing Consuelo Díaz to pay to him $249.40, with interest thereon and costs, said judgment was still unsatisfied; that in the partition of the estate of Ramón López the claim on which the action was brought was acknowledged as a charge on the estate, and a house located in Aguas Buenas was allotted to Consuelo Díaz, his widow, for the payment of debts; that the widow recorded said house in her name in the registry—it being stated in the inscription that the same was subject to the payment of the claim in favor of Manrique—and sold it to her sister Amparo Díaz, who mortgaged it to the indorsee of a promissory note for $1,500; that the right of Manrique is a real right and binding on third persons (*Rodríguez* v. *Suárez,* 48 P.R.R. 281); and that in order to enforce the same, section 71 of the Mortgage Law was applicable, wherefore he prayed the court to give Amparo Díaz a term of ten days to pay the

amount of the judgment, the record of her title in the registry to be canceled if she failed to do so.

It is further stated in the writ that Amparo Díaz denied the allegations of the motion and set up that the court lacked jurisdiction to entertain the same; that a hearing was held wherein the corresponding certificate of the registry was introduced in evidence; and that as a result of the proceedings the court held that Manrique was right, and proceeded to issue, as it did, the order sought by him.

Then there is transcribed in the writ the final order of the court decreeing that "the title of Amparo Díaz to the urban property described in said order is null and void," and directing "the cancellation of said title in the Registry of Property of Caguas." Said order was based on the fact that after payment had been demanded from Amparo Díaz, she had not paid the claim of Manrique within the term of ten days granted to her.

██ The refusal of the registrar is based on the following grounds:

"1.—That Amparo Díaz, the present owner of this property, was not a party defendant to civil action No. 5046 above cited. 2.—That the ordered cancellation of the record of ownership involves an amount exceeding $500, inasmuch as Amparo Díaz acquired this realty by purchase for a consideration of $2,000. 3.—That Cipriano Manrique has no recorded real right in this property. 4.—That in the mention of the personal claim of said Mr. Manrique made in the inscription of the allotment of this and other properties in favor of Consuelo Díaz subject to the condition of paying the charges on the estate left by Ramón López Alvarado, no term whatsoever was fixed for the payment of personal debts, said properties being encumbered by real credits recorded prior to the claim of said Mr. Manrique. 5.—That the procedure established by section 71 of the Mortgage Law is not applicable to this case, and therefore the Municipal Court of Caguas lacked competence or jurisdiction to order the cancellation of said record of ownership; . . ."

The appellant Manrique, through his attorney, filed an extensive brief attacking the decision of the registrar. The latter replied, in part, as follows:

"The registrar does not conceive how can the municipal court, in a civil action of debt, on a simple motion, under the guise of an incident within the main action, establish by itself a procedure, applying *by analogy* that of section 71 of the Mortgage Law, and decree and order the concellation of a record of ownership in the registry of property; especially since the person in whose name the said record of ownership appears to have been made was not even a party defendant to the said civil case.

"       *       *       *       *       *       *       *

"There is no question as to the fact that the mention has a real character and prejudices a third person. See 48 P.R.R. 281. But, as has been previously said, the decision appealed from is based on the lack of jurisdiction of the municipal court to decree and order the cancellation of the record of ownership made in the name of Amparo Díaz.

"The registrar thinks that the procedure adopted by said court renders such a decree null and void.

"Section 71 of the Mortgage Law refers only to cases in which real property with respect to which cautionary notices have been entered, and which is sold to a third person, should be awarded to a plaintiff, and this has nothing to do with the allotment of property of an estate to a person under the obligation of paying certain charges on the estate.

"An action for rescission or cancellation cannot be prosecuted by means of such procedure, not even if the same were followed in a court of general jurisdiction.

"In this case, the Municipal Court of Caguas became a legislator by creating *by analogy* a new procedure for the prosecution of actions for rescission or concellation."

The registrar is correct, in our opinion. The lack of jurisdiction of the Municipal Court of Caguas is manifest. There was involved an action of debt, and the judgment obtained by Manrique was consistent with his prayer for relief, namely, adjudging the defendant Consuelo Díaz to pay to him the sum claimed. How can an order like the one in question be issued

against a person who was not a party to the proceedings wherein the same was entered?

If the property acquired by such person was encumbered to secure the debt acknowledged by the judgment, the creditor had other means to enforce his right, but the drastic procedure which he followed was not comprised within such means.

We have examined section 71 of the Mortgage Law and we do not think that it can be applied in a case like the present one. It begins by providing that real property or property rights with respect to which cautionary notices have been entered in the registry may be alienated or encumbered, but without prejudice to the right of the person in whose favor the cautionary notice was entered. So that in accordance with the law itself, notwithstanding that the record of the house in the name of Consuelo Díaz contained the cautionary notice that the house had been awarded to her for the payment of the debts of the estate of her husband, she could sell it to another person as she did. The protection afforded by the cautionary notice consisted in that pursuant to law and to the terms of the allotment, the property sold, no matter who its owner might be, continued to secure the payment of the debts until said debts were satisfied.

Said section 71 further provides:

"If the real property or rights against which cautionary notices have been entered in accordance with the provisions of subdivisions 2 and 3 of article 42 should be awarded to a plaintiff under judgment rendered in an action brought by him, or if it should become necessary to advertise them for sale at auction, the person who may have acquired such property or rights during the litigation shall be notified of the award or advertisement.

"Such notice shall be served on motion of the plaintiff after the final judgment of award shall have been rendered or before the sale in the compulsory proceedings takes place, following the provisions of articles 260 to 269 of the Law of Civil Procedure in force in the Antilles and articles 244 to 253 of that in force in the Philippines.

"After service of the notice referred to in the foregoing paragraph, the person notified may release the property in question upon payment of the amount mentioned in the entry, as principal and costs, although it is not to be understood that he is obliged to pay a larger sum for costs than that mentioned in the entry. Should he fail to do so within 10 days, the record of his ownership shall be canceled in the registry, as well as any other records which may have been made after entry of the cautionary notice, to which end the proper order shall be issued to the registrar of property on motion of the person to whom the property was awarded or of the purchaser thereof."

Where does it appear that the property involved was awarded to Manrique or that it had become necessary to advertise the same for sale at auction, and that Amparo Díaz acquired the ownership thereof under those conditions? Nowhere in the writ, so far as we have been able to ascertain directly or otherwise.

The case of *Arroyo v. Zavala,* 40 P.R.R. 257, invoked by the appellant is distinct. That was a summary foreclosure proceeding, which is not involved here. The doctrine which was laid down therein with the dissenting vote of one of the justices of the court—Mr. Justice Hutchison—in regard to the applicability of section 71 of the Mortgage Law, was stated in the syllabus thus:

"Where a mortgagor conveys the mortgaged property, after payment has been demanded of him in summary foreclosure proceedings, the purchaser at the ensuing execution sale is not bound to prosecute any action against the person who purchased directly from the mortgagor. In view of section 2 of the act relating to judgments and the manner of satisfying them (Comp. 1911, section 5296), and the powers conferred by section 36 of the Code of Civil Procedure, the conflict may be adjusted by applying the procedure prescribed in article 71 of the Mortgage Law."

The decision appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.